1  Clarisse C. Petersen (SBN 260806)
2  Sarah Raoof (SBN 329260)
   JACKSON LEWIS, P.C.
3  200 Spectrum Center Drive, Suite 500
   Irvine, CA 92618
4  Telephone:  (949) 885-1360
   Facsimile:  (949) 885-1380
5  Email:      Clarisse.Petersen@jacksonlewis.com
               Sarah.Raoof@jacksonlewis.com
6
   Attorneys for Defendant,
7  WORLDPAC, INC.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11 | VALERIA CAJINA LOPEZ, an individual, | *[Removed from Orange County Superior Court, Case No. 30-2023-0132024-CU-WT-CJC]* |
|---|---|---|
| 12 | | |
| 13 | Plaintiff, | **DEFENDANT WORLDPAC, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446** |
| 14 | vs. | |
| 15 | KELLY SERVICES GLOBAL, LLC, a Michigan Limited Liability Corporation; WORLDPAC, INC., a Delaware Corporation; and DOES 1 through 25, inclusive, | |
| 16 | | |
| 17 | | Complaint Filed:  March 7, 2023 |
| 18 | Defendants. | |

19        **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT**
20  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF**
21  **VALERIA CAJINA LOPEZ, AND HER ATTORNEYS OF RECORD:**
22        **PLEASE TAKE NOTICE** that Defendant WORLDPAC, INC. ("Defendant")
23  hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections
24  1332, 1441(b), and 1446 to remove this action from the Superior Court of California
25  for the County of Orange on the grounds of diversity of citizenship.  In support
26  thereof, Defendant asserts the following:
27  ///
28  ///

1

## I. DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has jurisdiction over this action because complete diversity exists between Plaintiff VALERIA CAJINA LOPEZ ("Plaintiff"), Defendant WORLDPAC, INC., and Defendant KELLY SERVICES GLOBAL, LLC.

3. Plaintiff is a citizen of the State of California and was a citizen at the time of the filing of her Complaint. A true and correct copy of the Summons and Complaint are collectively attached hereto as Exhibit A to the Declaration of Clarisse C. Petersen ("Petersen Decl.") filed concurrently herewith. (Petersen Decl., ¶ 5, Exh. A.)

4. Defendant is now, and was at the time this action was commenced, a citizen of the State of Delaware within the meaning of 28 U.S.C. section 1332. At all material times, Defendant WORLDPAC, INC. was a corporation organized under the laws of the State of Delaware, and at all material times Defendant has maintained its principal place of business, including its corporate headquarters, in the State of North Carolina. (*Id.* at ¶ 6, Exh. B.)

5. Further, at all material times, Defendant KELLY SERVICES GLOBAL, LLC was a corporation organized under the laws of the State of Michigan, where it has maintained its principal place of business, including its corporate headquarters, in the State of Michigan. (*Id.* at ¶ 7, Exh. C.)

6. Plaintiff's Complaint contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

## II. TIMELINESS OF REMOVAL

7. On or about March 7, 2023, Plaintiff filed an action entitled *Valeria Cajina Lopez v. Kelly Services Global, LLC, et al.* in the Superior Court of the State

of California, County of Orange, Case No. 30-2023-0132024-CU-WT-CJC (the "State Court Action"). (*Id.* at ¶ 2, Exh. A.)

8. On March 21, 2023, Plaintiff served the Complaint on Defendant WORLDPAC, INC. (*Id.* at ¶ 3.)

9. As of the date of this Notice of Removal, the Summons and Complaint constitute the pleadings, process, and orders served upon Defendant in the State Court Action. No further proceedings have been had in the state court as of the date of this Notice of Removal. (*Id.* at ¶ 6.)

## III. REMOVAL BASED ON DIVERSITY JURISDICTION

10. The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Complete Diversity Exists Between All Parties

11. Plaintiff is now, and at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. section 1332(a). Plaintiff's residence and domicile are, and were, located within the State of California. (Petersen Decl., ¶ 5, Exh. A, ¶ 5); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return.").

12. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

13. Defendant WORLDPAC, INC. is now, and was at all material times, a corporation organized under the laws of the State of Delaware. Defendant WORLDPAC, INC. is thus a citizen of the State of Delaware. (Petersen Decl., ¶ 6.)

14. Defendant WORLDPAC, INC. is now, and was at all material times, headquartered in Raleigh, North Carolina. (*Id.*) Defendant WORLDPAC, INC.'s

officers and directors are employees whose offices are located at its headquarters in Raleigh, North Carolina. (*Id.*) Defendant WORLDPAC, INC. performs the vast majority of its executive and administrative functions, including coordinating services and overall business operations, at its headquarters in Raleigh, North Carolina. Defendant WORLDPAC, INC. is hence a citizen of the State of North Carolina because its principal place of business is Raleigh, North Carolina. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

15. Therefore, for the purpose of determining jurisdiction, Defendant WORLDPAC, INC. was not—and is not—a citizen of the State of California. Rather, it was—and is—a citizen of the States of Delaware and North Carolina.

16. Defendant KELLY SERVICES GLOBAL, LLC is now, and was at all times, a corporation organized under the laws of the State of Michigan. Defendant KELLY SERVICES GLOBAL, LLC is thus a citizen of the State of Michigan. (Petersen Decl. ¶ 7.) Moreover, Defendant KELLY SERVICES GLOBAL, LLC is a citizen of the State of Michigan because its principal place of business is Troy, Michigan.

17. Therefore, for the purposes of determining jurisdiction, Defendant KELLY SERVICES GLOBAL, LLC was not —and is not—a citizen of the State of California. Rather it was—and is—a citizen of the State of Michigan.

18. "Doe" defendants fictitiously named, but not served, are not joined in this Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

19. Accordingly, complete diversity exists between Plaintiff and Defendants.

**B.  The Amount in Controversy Exceeds the $75,000 Jurisdictional Minimum**

20. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

21. In her Complaint, Plaintiff alleges the following causes of action: (1) Pregnancy discrimination in violation of the California Fair Employment and Housing Act (Gov't. Code § 112940(a)); (2) Gender/Sex Discrimination in violation of the California Fair Housing and Employment Act (Gov't. Code § 12940(a)); (3) Disability Discrimination in violation of the Fair Employment and Housing Act; (4) Failure to accommodate in violation of the California Fair Employment and Housing Act (Gov't. Code § 112940(m)); (5) Failure to engage in the interactive process in violation of the California Fair Employment and Housing Act (Gov't. Code § 112940(n)); and (6) Retaliation in violation of California Fair Employment and Housing Act (Gov't. Code § 112940(h)); (7) Failure to take all reasonable steps to prevent discrimination, harassment and/or retaliation (California Government Code Section 12940(k)); and (8) Wrongful termination in violation of public policy (California Government Code Section 12940(k)). (Petersen Decl., ¶ 2, Exh. A.)

22. Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Defendant denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her legal theories.

23. In assessing the amount in controversy, this Court may, for removal

1 purposes, look to the removal papers and the pleadings, as well as summary judgment-
2 type evidence. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018);
3 *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm*
4 *Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d
5 564, 566 (9th Cir. 1992).

6     24. A defendant need only establish by a preponderance of the evidence that
7 it is more probable than not that the plaintiff's claimed damages exceed the
8 jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life*
9 *Ins. Co.*, 102 F.3d 398, 405–04 (9th Cir. 1997).

### 1. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to Which Plaintiff Would be Entitled if She Prevails

13     25. In measuring the amount in controversy for purposes of diversity
14 jurisdiction, "a court must assume that the allegations of the complaint are true and
15 assume that a jury will return a verdict for the plaintiff on all claims made in the
16 complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d
17 993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).

18     26. In assessing the amount in controversy, this Court may, for removal
19 purposes, consider the aggregate value of claims for compensatory damages and
20 attorney's fees. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489,
21 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to
22 aggregate two or more of her own claims against a single defendant") (internal
23 quotations omitted).

24     27. Further, as instructed by the Ninth Circuit in *Chavez*, "the amount in
25 controversy is not limited to damages incurred prior to removal—for example, it is
26 not limited to wages a plaintiff-employee would have earned before removal (as
27 opposed to after removal)[; but] rather, the amount in controversy is determined by
28 the complaint operative at the time of removal and encompasses all relief a court may

grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15; *see e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

28. Here, Plaintiff seeks: (1) "general damages;" (2) "damages for past and future medical expenses;" (3) "lost wages and other benefits;" (4) "reasonable attorneys' fees;" (5) punitive damages;" (6) "prejudgment interest;" (7) "costs of suit;" (8) "civil penalties;" (9) "other relief as the Court may deem proper;" (10) "liquidated damages;" (11) "general and compensatory damages;" and (12) "past and future medical expenses." (Petersen Decl., ¶ 2, Exh. A., Prayer for Relief.)

### 2. **Lost Wages**

29. Defendant has a reasonable, good faith belief that Plaintiff seeks damages in excess of the $75,000 jurisdictional requirement. Plaintiff seeks damages associated with lost wages and other benefits, past and future medical expenses, attorneys' fees, punitive damages, costs of suit, as well as general and compensatory damages, fringe benefits, and job benefits." (Petersen Decl., ¶ 2, Exh. A, Prayer for Relief ¶ (a) – (e); (k).)

30. In her Complaint, Plaintiff alleges that her employment with Defendant was terminated on May 5, 2021. (Petersen Decl., ¶ 2, Exh. A, ¶ 11.) As of May 5, 2021, Plaintiff's hourly rate was $16 per hour. (Declaration of Travis Montalbo ("Montalbo Decl."), ¶ 3, Exh. B.) Plaintiff regularly worked 40 hours a week. (*Id*.) Plaintiff thus earned approximately $2,560 per month.[1]

31. Under a conservative estimate, any judgment in this case will likely be

---

[1] ($16 per hour x 40 hours per week x 52 weeks) / 12 months = $2,560.

7

rendered no earlier than January 2025, or 22.9 months from the date of filing.[2] Therefore, based on the time between when Plaintiff's employment with Defendant allegedly ended, May 5, 2021, and when her case may be heard, if Plaintiff is successful in her claims against Defendant, she could be entitled to approximately 22.9 months of back pay plus another two years of front pay by the time of trial for a total of **$122,240** in economic damages ($16 per hour x 40 hours x 191 weeks). (Montalbo Decl., ¶ 3.)

### 3. Emotional Distress Damages

32. Plaintiff also seeks special damages and damages associated with "emotional distress and general damages." (Petersen Decl., ¶ 2, Exh. A, ¶¶ 26, 36, 45, 54, 63, 70, 78, 86, Prayer for Relief ¶ (a).)

33. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**." *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.")).

34. Defendant vigorously denies Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. (*See e.g.*, Defendant's Request for Judicial Notice

---

[2] Pursuant to 28 U.S.C. § 604(a)(2), the Federal Court Management Statistics, December 2022, the last updated statistics, indicates that in the Central District of California, the median time from filing a civil action in federal court to trial is 22.9 months. (Petersen Decl., ¶ 8.) Defendant requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

("RJN"), Exh. 1, *Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) (**$125,000** in emotional distress damages for wrongful termination); RJN, Exh. 2, *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of **$250,000** for pain and suffering in discrimination case); RJN, Exh. 3, *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super. Jan. 14, 2008) (**$200,000** in emotional distress damages for wrongful termination claim); RJN, Exh. 4, *Kimberly Landis v. Pinkertons, Inc.,* 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case).)

35. Plaintiff's allegations that she was wrongfully terminated, discriminated, and retaliated against because of her purported disability are similar to the aforementioned cases. It is entirely conceivable that Plaintiff's emotional distress damages will far exceed the requisite $75,000 amount in controversy.

### 4. **Punitive Damages**

36. Plaintiff further alleges that the alleged actions by Defendant "were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights." Accordingly, Plaintiff claims he is entitled to recover "punitive damages." (Petersen Decl., ¶ 2, Exh. A, ¶¶ 30, 40, 49, 58, 67, 74, 82, and 90, Prayer for Relief ¶ (e).) Although Defendant vigorously denies Plaintiff's allegations, and certainly denies that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.,* 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

37. To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons*, 209 F.Supp.2d at 1033; *Kroske*, 432 F.3d at 980. Notably, the facts of "comparator cases" relied upon by a removing defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin*

*Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" exampled, not identical cases."); *Castillo v. ABm Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017 (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

38. Therefore, here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. (*See* RJN, Exh. 5, *Navarro v. 4Earth Farms, Inc. et al.*, 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of **$100,000** in punitive damages in wrongful termination case); RJN, Exh. 6, *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding **$400,000** in punitive damages in wrongful termination case).

### 5. <u>Attorneys' Fees</u>

39. Plaintiff also seeks attorneys' fees pursuant to California Code of Civil Procedure section 12965(b). (Petersen Decl., ¶ 2, Exh. A, ¶ 29, 39, 48, 57, 66, 73, 81, and 89, Prayer for Relief ¶ (l).)

40. It is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy. *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018).

41. Here, Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. (Petersen Decl., ¶ 7.) Defendant's lead attorney, Clarisse C. Petersen, has represented employers in employment litigation for approximately 15 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court. (*Id.*) Based on Ms. Petersen's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. (*Id.*; *see also e.g.*, RJN, Exh. 7, *Lave v. Charter Comms. LLC*, 2020 Cal.App.Unpub. LEXIS 8483, at *1, *8, *27, *32 (2020)

1  (plaintiff awarded **$400,800** in attorneys' fees for wrongful termination); RJN, Exh.
2  8, *Perry v. eGumball, Inc.*, Case No. 30-2013-00692868-CU-WT-CJC (Cal. Super.
3  Ct. Jun. 18, 2015) (ordering payment of reasonable attorney fees, with the plaintiff's
4  counsel claiming fees in excess of **$1 million**).

5        42.    Accordingly, Plaintiff's demand for lost wage damages, emotional
6  distress damages, punitive damages, and attorneys' fees combined show that the
7  amount "at stake" easily exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec.*
8  *Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20
9  F.3d 383, 386–87 (10th Cir. 1994).

10        43.    For these reasons, this Court has original jurisdiction pursuant to 28
11  U.S.C. section 1332, and this action may be removed by Defendant to this Court
12  pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

13  **IV.  VENUE**

14        44.    Venue properly lies in the United States District Court for the Central
15  District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the
16  State Court Action was filed in this District and division, thereby embracing the place
17  where this action is pending.

18  **V.  NOTICE TO COURT AND PARTIES**

19        45.    Along with the filing of this Notice of Removal in the United States
20  District Court for the Central District of California, written notice of the removal will
21  be given by the undersigned to Plaintiff's counsel and a copy of this Notice of
22  Removal will be filed with the Clerk of the Superior Court for the State of California,
23  County of Orange.

24        46.    This Notice of Removal is signed by Defendant's counsel pursuant to
25  Rule 11 of the Federal Rules of Civil Procedure.

26  **VI.  CONCLUSION**

27        47.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C.
28  sections 1332 and 1441.

48. Defendant therefore may remove the State Court Action to this Court pursuant to 28 U.S.C. section 1441. Defendant respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. sections 1332 and 1441.

DATED: April 20, 2023          JACKSON LEWIS P.C.

By: _____
Clarisse C. Petersen
Sarah Raoof
Attorneys for Defendant
WORLDPAC, INC.

4879-7627-1965, v. 5